

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00106-CR

TIFANEE KAA BUCKNER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tifanee Kaa Buckner appeals her conviction for aggravated assault.[2]  In one issue, she argues that the trial court violated her federal constitutional right of confrontation.  We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.02(a) (West 2011).

## Background Facts

In 2007, a Wichita County grand jury indicted appellant for aggravated assault; the indictment alleged that appellant had stabbed someone with a knife. In 2008, with the assistance of appointed counsel, appellant received statutory admonishments, waived constitutional and statutory rights, and judicially confessed to the offense. The trial court placed her on a ten-year term of deferred adjudication community supervision. Later in 2008, however, the State sought adjudication of appellant's guilt, contending that she had violated several conditions of the community supervision. The State amended its motion for the trial court to proceed with the adjudication of appellant's guilt three times, and the third amended motion alleged that appellant had, among other deficiencies, failed to report to her supervision officer, failed to submit a urine sample, and failed to notify the community supervision department about a change in her address.

The trial court held an evidentiary hearing on the State's third amended motion. Appellant pled not true to the State's allegations. The State called James Williams, an employee of the Wichita County Community Supervision and Corrections Department, to testify. Williams said that Andrew Crumpton was appellant's original supervision officer and that Williams took over that role from March 2009 until September 2009. Williams brought the department's case file on appellant with him to court, and he testified that the file was made and maintained in the ordinary course of business by someone who had knowledge

2

of the events in the file and at or near the time of the transactions that the file detailed. The State offered the case file as Exhibit 1, and appellant made the following objection:

> [DEFENSE COUNSEL]: My . . . objection has to do with the chronological reports. And you know, assuming that these are business records, . . . they're not business records in the sense of regular business records.
>
> You've got statements in here about the beliefs of a different probation officer as to how the client was doing on probation. You've got plenty in here that Mr. Williams can testify that maybe these . . . are business records, but he can't vouch for the reliability of these statements.
>
> . . . [H]e doesn't have any personal knowledge of any of these entries . . . . And . . . there are objectionable statements in here that don't meet a separate objection for hearsay.
>
> Because obviously, you know, a business record is an exception to hearsay. But the statements that are in the document have to overcome an objection, too. And not all of these statements can, and we don't have the time to go through and take out what's objectionable and what's not.
>
> . . . .
>
> But I don't think that these statements . . . can come in without talking to the person that made these entries.

The prosecutor argued that the documents in Exhibit 1 were admissible as business records, defense counsel again urged that they should not be admitted on that basis, and the trial court overruled appellant's objection "for the reason that . . . this is an exception to the hearsay rule."

At the end of the revocation hearing, the trial court found that appellant had violated terms of her community supervision, adjudicated her guilt, heard

3

evidence regarding her punishment, and sentenced her to nine years' confinement. Appellant brought this appeal.

### The Admission of Exhibit 1

Appellant argues only that the admission of Exhibit 1 violated her constitutional right of confrontation.[3] The State contends, in part, that appellant forfeited the confrontation issue by failing to raise it at trial. We agree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Preservation of error is a systemic requirement. *Id.* at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

---

[3]Appellant bases her claim on the Sixth Amendment and the Fourteenth Amendment. *See* U.S. Const. amend. VI, XIV; *see also Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004) ("Where testimonial evidence is at issue, . . . the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination.").

Appellant based her objection at trial upon Exhibit 1's alleged status as hearsay because of the exhibit's purported failure to qualify as an admissible business record. *See* Tex. R. Evid. 803(6); *Reyes v. State*, 48 S.W.3d 917, 921 (Tex. App.—Fort Worth 2001, no pet.). Appellant did not object to the admission of the exhibit on constitutional grounds.

An objection preserves only the specific ground cited. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) ("An objection stating one legal basis may not be used to support a different legal theory on appeal."), *cert. denied*, 522 U.S. 827 (1997); *see also Fierro v. State*, 706 S.W.2d 310, 317–18 (Tex. Crim. App. 1986) (holding that a general objection is insufficient to apprise the trial court of the complaint urged and thus preserves nothing for review). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). An objection concerning evidentiary hearsay rules does not preserve an argument about the defendant's constitutional right of confrontation. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that when an objection could raise either a hearsay or confrontation clause complaint, the objection does not preserve the confrontation issue); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

Because appellant did not urge an objection concerning her right of confrontation at trial, we hold that appellant forfeited her issue on appeal, and we overrule the issue. *See* Tex. R. App. P. 33.1(a); *Reyna*, 168 S.W.3d at 179–80; *Robinson v. State*, 310 S.W.3d 574, 577–78 (Tex. App.—Fort Worth 2010, no pet.); *Courson v. State*, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.).

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 16, 2012